UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2013 JUN -4 A 10: 02

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | | |
|---|---|---|
| WILLIAM B. COLEMAN,<br>    Plaintiff, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:13-cv-139 (RNC) |
| | : | |
| DR. SUSAN DUCATE, et al.,<br>    Defendants. | : | |

INITIAL REVIEW ORDER RE AMENDED COMPLAINT

The plaintiff, William B. Coleman, currently incarcerated at the MacDougall-Walker Correctional Center in Suffield, Connecticut, commenced this action pro se pursuant to 42 U.S.C. § 1983 (2000). He names five defendants in his amended complaint: Dr. Susan Ducate, Dr. Edward Blanchette, retired Commissioner Brian Murphy, Warden Peter Murphy and Warden Scott Erphy.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id. In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford

the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

In his amended complaint, the plaintiff states that his claims concern the period from 2008 to the present. He states that he was subjected to the following conditions: (1) lights on in his cell for 16-24 hours per day; (2) placement in a suicide cell for weeks or months even though he is not suicidal; (3) placement of other suicidal inmates in the same cell with the result that one inmate sexually assaulted him and another inmate exposed the plaintiff to MRSA; (4) denial of hygiene for weeks; (5) denial of religious materials; and (6) denial or interruption of access to legal materials, legal phone calls and legal visits. As a result of these conditions, the plaintiff alleges that he suffered a "psychological impact including physical episodes such

as severe dizziness" and has since been diagnosed with a brain aneurysm.  Doc. #12 at 7.

The only relief sought is an award of damages.  As the Eleventh Amendment precludes an award of damages against the defendants in their official capacities, the court considers the amended complaint as filed against the defendants in their individual capacities only.  See Kentucky v. Graham, 473 U.S. 159 (1985) (Eleventh Amendment precludes suit against state officials for damages in their official capacity).

On April 2, 2013, the court explained that the complaint was legally insufficient in that it failed to specify how each of the defendants was responsible for violating the plaintiff's rights.  The court ordered the plaintiff to file an amended complaint alleging facts showing what each named defendant did or failed to do that caused a violation of the plaintiff's rights.  See Doc. #11 at 3-4.

In response to that order, the plaintiff states that defendant Ducate was responsible for his treatment plan which included restraining him for up to 16 hours while he was compliant with all orders, confining him in isolation for months at a time, denying him hygiene for weeks at a time, and impeding his access to religious and legal materials.  The plaintiff alleges that defendant Blanchette was responsible for his medical

care but informed the plaintiff that he only had to keep the plaintiff alive and allowed his body to fail after months of improper nutrition.  The plaintiff alleges that defendant Erphy moved two inmates into the plaintiff's cell.  One of the inmates sexually assaulted the plaintiff and the other gave him MRSA. The court concludes that these allegations are sufficient to warrant service of the complaint against defendants Ducate, Blanchette and Erphy.

The plaintiff alleges that defendant Acting Commissioner Murphy was responsible for his overall care.  The doctrine of respondeat superior is not applicable in section 1983 actions. See Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999).  Thus, supervisors are not liable merely because their subordinates committed a constitutional tort.  To establish a claim for supervisory liability, The plaintiff must demonstrate one or more of the following criteria: (1) the defendant actually and directly participated in the alleged acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in his supervision of the correctional officers who

4

committed the constitutional violation; or (5) the defendant was deliberately indifferent to the plaintiff's rights by failing to act in response to information that unconstitutional acts were occurring. See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003). The plaintiff also must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury. See Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002). The plaintiff's allegation that defendant Brian Murphy, as Acting Commissioner of Correction, was responsible for the plaintiff's care, is insufficient to state a claim for supervisory liability.

The plaintiff alleges that defendant Warden Peter Murphy ordered that the plaintiff be restrained to enable staff "to get vitals from the plaintiff." Doc. #12 at 6. Confining an inmate in restraints does not rise to the level of a constitutional violation unless the imposition of restraints is totally lacking in penological justification, grossly disproportionate to the reason for which restraints were applied or involves the unnecessary and wanton infliction of pain. See Dixon v. Goord, 224 F. Supp. 2d 739, 748 (S.D.N.Y. 2002). The plaintiff has not alleged facts suggesting that the imposition of restraints was unconstitutional. Rather he provides a reasonable justification for application of restraints. Thus, the plaintiff has not alleged facts stating a plausible claim against defendant Warden

Murphy.

Finally, the plaintiff alleges generally that the defendants met "on a regular basis to discuss 'tactics' against the plaintiff." Doc. #12 at 5. Although the plaintiff states that evidence exists supporting his statement, contrary to the specific instructions in the court order, he has not alleged any facts to support this conclusory statement. Thus, the plaintiff's conspiracy claim also fails.

Accordingly, the court enters the following orders:

(1) All claims against defendants Acting Commissioner Brian Murphy and Warden Peter Murphy and any conspiracy claim are **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2) The **Clerk shall** verify with the Department of Correction Office of Legal Affairs the current work addresses for defendants Ducate, Blanchette and Erphy, and mail a waiver of service of process request packet to each of these defendants at the confirmed address within **fourteen (14) days** of this Order. The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service

in accordance with Federal Rule of Civil Procedure 4(d).

(3) The **Clerk shall** send a courtesy copy of the Amended Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff **MUST** notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, indicate the case numbers in the notification of change of address. The plaintiff should also notify the defendant(s) or the attorney for the defendant(s) of his new address.

**SO ORDERED** this 4th day of June 2013.

-s-
Robert N. Chatigny
United States District Judge
